TASHIMA, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s disposition, except insofar as it fails to distinguish between those portions of the district court’s ruling which are subject to interlocutory appeal under Zamani v. Carnes, 491 F.3d 990, 994 (9th Cir.2007), and Batzel v. Smith, 333 F.3d 1018, 1024 (9th Cir.2003), and those portions which are not. As the majority disposition indicates, “Plaintiffs’ remaining claims,” ie., the non-defamation portion, “arose from the Yahoo postings as well as a series of harassing phone calls allegedly made by Rothschild.” These include claims for the intentional infliction of emotional distress and for the interference with prospective business relations.
As an example of this harassing-type of activity, plaintiff Alan Schatzberg traveled to Dallas to deliver a lecture at the University of Texas. When Schatzberg called the university on landing, he discovered that someone claiming to be him had called the university and cancelled his lecture, his airport pickup, and his hotel reservation. Rothschild’s telephone records show that he had called the University of Texas ten days before the scheduled lecture. These, of course, are not defamation-type claims, nor “claims whose gravamen is the alleged injurious falsehood of a statement....” Gilbert v. Sykes, 147 Cal.App.4th 13, 53 Cal.Rptr.3d 752, 769 (Ct.App.2007). As such, they are not covered by California’s anti-SLAPP statute and, thus not subject to the anti-SLAPP statute’s expedited dismissal and appeal procedures.
It is, to say the least, mischievous to permit such clearly non-SLAPP orders to be interlocutorily appealed. Sanctioning such an appeal is contrary to the Supreme Court’s recent admonition in Will v. Hallock, 546 U.S. 345, 126 S.Ct. 952, 163 L.Ed.2d 836 (2006), that collaterally appealable orders should be limited to a *792 “small class” and “kept [] narrow and selective in its membership.” Id. at 350, 126 S.Ct. 952. We must not forget that the purpose behind permitting a collateral appeal “is not mere avoidance of a trial, but the avoidance of a trial that would imperil a substantial public interest....” Id. at 353, 126 S.Ct. 952. Because the purpose of permitting interlocutory appeal under the collateral order doctrine is not served by permitting appeal of the non-defamation claims, I respectfully dissent from the majority’s exercising appellate jurisdiction over and reviewing Rothschild’s appeal of the district court’s order refusing to dismiss his non-SLAPP claims on the merits.